IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

GWENDOLYN L. BOHANNON                                              PLAINTIFF

V.                          5:07CV00123 JMM

JOHNSON FOOD EQUIPMENT, INC.,
BAADER-JOHNSON, BAADER NORTH
AMERICA CORP., BAADER FOOD
PROCESSING MACHINERY a/k/a
NORDISCHER MASCHINENBAU
RUD.BAADER GMBH & CO. GH                                           DEFENDANTS

## ORDER

Pending are the motions to dismiss of Defendants Baader-Johnson and Baader Food Processing Machinery ("Baader FPM") and Nordischer Maschinenbau Rud.Baader GMBH & Co. GH ("GMBH"). The Plaintiff has responded and the Defendants have replied. For the reasons set forth below, the Motion to Dismiss of Defendant GMBH is GRANTED and the Motion to Dismiss of Baader FPM and Baader-Johnson is DENIED.

Defendant GMBH asks the Court to dismiss Plaintiff's complaint pursuant to Rules 12(b)(5) and 12(b)(2) of the Federal Rules of Civil Procedure. GMBH claims that it lacks sufficient contacts with the State of Arkansas to justify the exercise of personal jurisdiction by this Court. Further, GMBH claims that "Baader Food Processing Machinery a/k/a Nordischer Maschinenbau Rud.Baader GMBH & Co. GH" is not a corporate entity capable of being sued.

In response to the Defendant's motion, Plaintiff contends that GMBH purposefully avails itself of the privilege of doing business in the State of Arkansas. Thus, the Court has personal jurisdiction over GMBH for purposes of this case. In the alternative, Plaintiff asks the Court for the opportunity to conduct discovery to determine the corporate structure of and the relationship between the various "Baader" entities and further respond when the facts are more fully

developed.

> While the facts adduced in a Rule 12(b)(2) Motion to Dismiss for lack of personal jurisdiction must be viewed in the light most favorable to the party opposing the motion, there must nonetheless be some evidence upon which a prima facie showing of jurisdiction may be found to exist, thereby casting the burden upon the moving party to demonstrate a lack of personal jurisdiction. This is the same standard as the one we apply on motions for summary judgment under Rule 56.

*Radaszewski by Radaszewski v. Telecom Corp.*, 981 F.2d 305, 310 (8th Cir. 1992). The Court must look at the facts relevant to the issue of jurisdiction in the light most favorable to the non-movant, give him the benefit of all reasonable inferences from these facts, and deny the motion to dismiss if the record, viewed in this way, raises any genuine issue of fact material to the issue of jurisdiction.

"To determine whether a court has personal jurisdiction over a nonresident defendant, we ask two questions: (1) whether the applicable state long-arm statute . . . is satisfied; and (2) whether a court's exercise of jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment." *Minn. Mining and Manuf. Co. v. Nippon Carbide,* 63 F.3d 694, 696-97 (8th Cir. 1995). The Eighth Circuit has recognized that the "Arkansas long-arm statute authorizes jurisdiction over foreign corporations to the fullest extent allowed by constitutional due process. Therefore, our inquiry devolves into the single question whether the exercise of personal jurisdiction comports with due process." *Burlington Ind., Inc. v. Maples Ind., Inc.,* 97 F.3d 1100, 1102 (8th Cir. 1996).

Due process requires a defendant to have such minimum contacts with the forum state that the maintenance of a suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). "Whether minimum

contacts are sufficient depends on whether the defendant, by some act, purposefully avail[ed] itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws.  This test is met if a defendant has deliberately engaged in activities, such as having created continuing obligations, within a state, and such actions invoke the benefits and protection of a state's laws." *Minn. Mining & Manuf.*, 63 F.3d at 697 (internal citations omitted).

> Once it has been decided that a defendant purposefully established contacts with a forum state, these contacts must be considered in light of other factors to determine whether the assertion of personal jurisdiction would agree with fair play and substantial justice. There are three primary factors which are to be considered: (1) the nature and quality of the contacts, (2) the quantity of the contacts, and (3) the relation of the cause of action to the contacts.  In addition to those considerations, there are two secondary factors as well: the interest of the forum state in the litigation and the convenience or inconvenience of the parties.

*Id.*

Plaintiff contends that GMBH is a foreign corporation doing business in the State of Arkansas.  Plaintiff claims that information published on GMBH's website shows that it has sufficient minimum contacts with the State to support a prima facie showing of personal jurisdiction.  As evidence, Plaintiff has merely attached print-outs from this website.  The first page shows a world map entitled "Welcome to the BAADER world!"  (Pl.'s Ex. 5).  There is no annotation identifying any particular country, state, or city on the map.  The print-outs go on to explain the history of GMBH, whose head office is located in Lubeck, Germany, including the fact that it is a manufacturer of machines for the poultry processing industry and that it has "[s]ubsidiaries, affiliated companies, agencies and service centers in over 70 cities throughout the world. . . ."  (Id.)  Again, there is no reference to the State of Arkansas.  Finally, Plaintiff includes a print-out from the Tyson Foods, Inc. website which states that Tyson, headquartered

in Springdale, Arkansas, is the work's largest processor and marketer of chicken, beef, and pork. (Pl.'s Ex. 6).  Plaintiff states that GMBH actively markets its products to consumers in the "United States, including *presumably* to Tyson Inc. . . ."  (Pl's Response, at p. 8)(emphasis added).

Based upon this evidence or the lack thereof, the Court finds that Defendant GMBH does not have minimum contacts with the State of Arkansas and, therefore, this Court does not have personal jurisdiction over GMBH.

Defendants Baader-Johnson and Baader FPM ask the Court to dismiss Plaintiff's complaint pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.  Defendants claim that neither Baader-Johnson nor Baader FPM are corporate entities.  Defendants contend that Baader-Johnson is merely a name under which Defendant Johnson Food Equipment, Inc. does business and Baader FPM is a name under which Baader North America Corporation does business.  Therefore, they are not entities capable of being sued.  In support of this argument, Defendants have provided the affidavit of B. Vann Willis.

According to his affidavit, Mr. Willis is the Business Resources Director of Johnson Food Equipment, Inc.  Johnson Food Equipment, Inc. does business under the name Baader-Johnson.  Baader-Johnson is not a corporate entity.  Baader North America Corporation is the parent company of Johnson Food Equipment, Inc.  Baader North America Corporation does business under the name Baader Food Processing Machinery.  Baader Food Processing Machinery is not a corporate entity.  (Def.'s Ex. 1).

Plaintiff has not provided any evidence to disprove Mr. Willis' affidavit.  Plaintiff merely contends that service was properly obtained pursuant to the Federal Rules as to Baader FPM and

Baader-Johnson because service was accepted by individuals who purported to have authority to accept service for the parties. The Court finds this evidence insufficient to prove that Baader-Johnson and Baader FPM are entities subject to suit. However, that does not remove them from the case. The Court directs the Clerk to correct the names of the defendants as follows: Johnson Food Equipment, Inc., d/b/a Baader-Johnson; and Baader North America Corp., d/b/a Baader Food Processing Machinery.

In conclusion, Defendant Nordischer Maschinenbau Rud.Baader GMBH & Co. GH's Motion to Dismiss for lack of personal jurisdiction (Docket # 12) is GRANTED without prejudice. The Clerk is directed to terminate this defendant. The Motion to Dismiss of Defendants Baader-Johnson and Baader Food Processing Machinery (Docket # 14) is DENIED. The Clerk is directed to correct the names of the defendants as follows: Johnson Food Equipment, Inc., d/b/a Baader-Johnson; and Baader North America Corp., d/b/a Baader Food Processing Machinery.

IT IS SO ORDERED this 25th day of September 2007.

                                                      James M. Moody
                                                     United States District Judge