IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

GWENDOLYN L. BOHANNON                           PLAINTIFF

V.                  CASE NO. 5:07-CV-00123 JMM

JOHNSON FOOD EQUIPMENT, INC., BAADER-JOHNSON,
BAADER NORTH AMERICA CORP., BAADER FOOD
PROCESSING MACHINERY a/k/a NORDISCHER
MASCHINENBAU RUD.BAADER GMBH & CO. GH           DEFENDANTS

## AGREED PROTECTIVE ORDER

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, provide adequate protection for material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, on the joint motion and stipulation of the parties, and for good cause shown,

IT IS HEREBY ORDERED THAT:

1.    <u>Confidential Information</u>. As used in this Order, the term "Confidential Information" shall be applicable to (a) the design of the Neckbreaker involved in this case, including any drawings, photographs, or specifications relating to the same; (b) the parts list and manual(s) that apply to the Neckbreaker involved in this case; (c) any pricing information relating to defendants' machines; (d) proprietary, confidential business or trade information and trade secrets including such information as contained in operations, management, employee, or training manuals and programs, strategic and business plans, business sales and profit reports, financial statements, marketing and sales plans, and financial or business projections; and (e) any communication between defendant and defendant's customers relating to any of the matters identified in sections 1(a) through 1(d) of this paragraph.

2. <u>Designating Documents and Information as Confidential</u>. Any party to this action may designate as "Confidential Information" documents, responses to interrogatories, requests for admissions, or requests for production of documents produced after entry of this Order by stamping or labeling the documents or responses with the word "Confidential" or the words "Subject to Protective Order." Documents or responses shall not be treated as confidential pursuant to this Order unless they are stamped or labeled as "Confidential" or "Subject to Protective Order." The inadvertent failure to designate material as "Confidential" or "Subject to Protective Order" does not preclude a party from subsequently making such a designation, and, in that case, the material is treated as confidential only after being properly designated. Unless otherwise ordered by the Court or stipulated by the parties, only documents, responses to interrogatories, responses to requests for admissions, or testimony relating to the subjects enumerated in paragraph 1 may be designated as Confidential Information, in addition to any documents produced by a non-party pursuant to subpoena (which may be designated by such non-party or by any party or counsel for any party as "Confidential" under the terms of this Order, such designation having the same force and effect, and creating the same duties, obligations, and remedies, as if designated as otherwise provided in this paragraph).

The parties and their counsel shall not photocopy any documents which fall under this Order unless such photocopies are needed as part of this litigation. If a party photocopies or otherwise reproduces Confidential Information, or if a party prepares extracts, summaries, studies or other documents including or based on Confidential Information, such documents shall be marked "Confidential" or "Subject to Protective Order" by the preparing party.

3. <u>Designating Deposition Testimony as Confidential</u>. Any party to this action may designate deposition testimony relating to the subjects enumerated in paragraph 1 above as

WLJ732276-v1        WA 923932.1

"Confidential Information" by advising counsel of record by letter within thirty days after receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties. All deposition testimony shall be deemed confidential for a period of thirty days after counsel's receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties. Alternatively, any party may, on the record at the deposition, designate deposition testimony as Confidential by advising all persons present at the deposition that the information is confidential and subject to this Order. If no party or deponent timely designates Confidential Information in a deposition, then none of the transcript or its exhibits (other than those previously designated) will be treated as confidential. There shall be no need to re-designate documents or exhibits which have been previously designated as Confidential.

4. <u>Limited Disclosure of Confidential Information</u>. Any documents, designated portions of deposition testimony, responses to interrogatories, requests for admissions, or requests for production of documents which are marked as "Confidential" or "Subject to Protective Order" are to be treated as such by the party receiving the discovery and shall be utilized by such party only for the prosecution or defense of this case. Except upon further Order of this Court or by express written consent of counsel for the parties, Confidential Information furnished in this action by any of the parties shall not be disclosed to any person other than:

a. Parties and counsel for the parties in this action who are actively engaged in the conduct of this litigation; and the partners, associates, secretaries, legal assistants, and employees or agents of such counsel, to the extent reasonably necessary to render professional services to the litigation;

b. Persons who are expressly retained by counsel to assist in the preparation of this litigation for trial, such as independent engineers, economists, or other experts, and the staff

working under the direct supervision of such persons retained to assist in the preparation of this litigation for trial;

 c. Persons with prior knowledge of the Confidential Information;

 d. Witnesses whose depositions are being taken or who are being questioned at trial;

 e. Court personnel, including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the Court or agreed upon by the parties;

 f. Any independent document reproduction services or document recording and retrieval services; and

 g. Such other persons who may be specifically designated and qualified to receive Confidential Information pursuant to Court Order.

 5. <u>Certification to Abide by Protective Order</u>. Before disclosing Confidential Information to those persons specified in paragraphs 4(a) and 4(b) above, counsel shall first give a copy of this Protective Order to such persons who shall read this Protective Order and be fully familiar with the provisions hereof and agree to abide thereby, by signing the attached sworn certification. Upon the request of a party, the other party shall provide copies of all such signed certifications from its designated experts received up to that date. Consulting experts are specifically excluded from this requirement. Upon order of the Court, the other party shall provide copies of all other such signed certifications received up to that date.

 6. <u>Agreement of Witnesses</u>. With respect to those persons specified in paragraph 4(d) (who do not fall into the other subsections of paragraph 4), Confidential Information may be disclosed by the non-designating party only during the course of a deposition or at trial. At such

time, counsel for the non-designating party shall inform the witness that s/he is subject to this Order and provide the witness with a copy of this Order.

7. Disputes Concerning Designation(s) of Confidential Information. In the event that any party to this action disagrees at any stage of the proceedings with the designation of information as confidential, the party shall first try to resolve the matter on an informal basis. If the dispute cannot be resolved informally, the party opposing the confidentiality of the information may apply for appropriate relief from this Court.

8. Use of Confidential Information. Confidential Information shall be used only in connection with these proceedings and any appeals arising therefrom. No information produced in discovery in this case, including but not limited to Confidential Information, shall be used for any purpose other than in connection with this case and any appeals arising therefrom. No Confidential Information shall be disclosed to any other person, party, entity, agency, print or electronic media, or anyone outside this proceeding for any purpose. No party or his/its counsel shall make any statements, or release any confidential documents, pleadings, or deposition testimony (nor any summaries thereof) either directly or indirectly, to any member of the press or media.

9. Maintaining Confidentiality. The recipient of any Confidential Information provided pursuant to this Order shall maintain such Confidential Information in a secure and safe area. The recipient shall take care that any such information or the substance or content of such information, or notes and memoranda relating thereto, not be disclosed to anyone other than qualified persons.

10. Filing Confidential Information. The Court will determine on a case-by-case basis whether information designated as "Confidential" or "Subject to Protective Order" shall be filed

under seal. Any party wishing to file such information as part of a motion, brief, or related matter (unless otherwise agreed by the parties or ordered by the Court) shall contact the Court for such determination prior to filing.

11. <u>Subject to Court's Jurisdiction</u>. Each person to whom disclosure of all or part of the aforesaid Confidential Information is made agrees to subject himself/herself to the jurisdiction of this Court for the purpose of proceedings relating to the performance under, compliance with, or violation of this Protective Order.

12. <u>Confidential Information at Trial</u>. Subject to the Federal Rules of Evidence and Rules or Orders of this Court, Confidential Information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence has indicated on his or its Court ordered Exhibit List any proposed exhibits that are designated as Confidential Information. Any party may move the Court for an order that the Confidential Information be received in camera or under such other conditions as are necessary to prevent disclosure. The Court will then determine whether the proffered evidence should continue to be treated as Confidential Information and, if so, what protection may be afforded such information at the trial. The designating party may, at its option, choose to remove the designation "Confidential" or "Subject to Protective Order" prior to publication to the trier of fact. If the designating party so chooses, it will be responsible for reasonable costs associated with redacting such designation.

13. <u>Return of Confidential Information</u>. Upon the final determination of this action, including the expiration of time for any further appeals, whether by judgment, settlement, or otherwise:

a. Counsel of record for each party receiving Confidential Information shall either return to the designating party or destroy all Confidential Information and all notes, memoranda,

WLJ732276-v1

WA 923932.1

copies, abstracts, excerpts, or other items containing or based on Confidential Information within sixty (60) days;

b. All persons who received any Confidential Information shall return to the producing party all copies of Confidential Information that are in the possession of such person(s), together with all notes, copies, abstracts, excerpts, memoranda, or other items containing or based on Confidential Information, and counsel for the designating party shall dispose of the documents and things in accordance with paragraph 13.a. above; alternatively, such person(s) shall have the option to destroy all copies of Confidential Information on the condition that such person(s) confirm in writing to counsel for the party which provided the Confidential Information when the Confidential Information has been destroyed; and

c. Counsel of record for each party shall confirm in writing that all Confidential Information, together with all notes, copies, abstracts, memoranda, excerpts, or other items containing or based on Confidential Information, have been returned to the producing party or destroyed in accordance with the terms of paragraphs 13.a. and 13.b. above.

14. No Admission. Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation or admissibility of any document, material, transcript, or other information.

15. Duration. The confidentiality obligations imposed by this Order shall remain in effect unless otherwise expressly ordered by the Court.

IT IS HEREBY ORDERED THIS  7  day of  Dec       , 2007.

_____
UNITES STATES DISTRICT JUDGE

WLJ732276-v1    WA 923932.1

APPROVED:

_____
J. Andrew Vines (98140)
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: javines@wlj.com

*Counsel for Defendants*

and

_____
Nelson G. Wolff
SCHLICHTER, BOGARD & DENTON
100 South Fourth Street, Suite 900
St. Louis, Missouri 63102
email: nwolff@uselaws.com

*Counsel for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

GWENDOLYN L. BOHANNON                                              PLAINTIFF

V.                    CASE NO. 5:07-CV-00123 JMM

JOHNSON FOOD EQUIPMENT, INC., BAADER-JOHNSON,
BAADER NORTH AMERICA CORP., BAADER FOOD
PROCESSING MACHINERY a/k/a NORDISCHER
MASCHINENBAU RUD.BAADER GMBH & CO. GH            DEFENDANTS

## CERTIFICATION

In consideration for being allowed to review certain documents and depositions identified as "Confidential Information" and/or "Subject to Protective Order" in the above referenced litigation, the undersigned hereby certifies as follows:

1. The undersigned hereby acknowledges that he/she has read the AGREED PROTECTIVE ORDER which was signed by the Court on _____ in this case.

2. The undersigned has reviewed certain documents and/or depositions marked as "Confidential" and/or "Subject to Protective Order" in the above referenced litigation.

3. The undersigned acknowledges that he/she fully understands and agrees to abide by the obligations and conditions under the AGREED PROTECTIVE ORDER, and will use the Confidential Information and all information obtained therefrom, only for purposes of this litigation and for no other purposes, and that he/she will not disclose the Confidential Information nor any information contained therein, except as necessary for the purposed of the litigation of the above captioned action;

-2-

4. The undersigned does hereby voluntarily subject himself/herself to the jurisdiction of this Court for purposes of enforcing the AGREED PROTECTIVE ORDER and the terms of this Certification.

_____

DATE _____

STATE OF _____ )
                              ) ss.
COUNTY OF _____ )

Subscribed and sworn to before me this ____ day of _____, 2007.

_____
NOTARY PUBLIC

My Commission Expires: _____

WLJ732276-v1

-2-

WA 923932.1