IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

GWENDOLYN L. BOHANNON                                                            PLAINTIFF

VS.                          CASE NO. 5:07CV00123 JMM

JOHNSON FOOD EQUIPMENT, INC.
D/BA/ BAADER-JOHNSON, ET AL.                                                     DEFENDANTS

TYSON POULTRY, INC., AND TYNET CORP.                                             INTERVENORS

ORDER

Pending before the Court is the Joint Motion to Strike Defendants' Notice of Intent to Assert Non-Party Fault, and plaintiff's and intervenor's response. For the reasons stated below, the motion is denied (#55).

I. *Procedural History*

Plaintiff filed an amended complaint on June 5, 2007, alleging that she was injured while attempting to clean a chicken processing machine in the course of her employment with Tyson Poultry, Inc.'s, ("Tyson") at its plant in Pine Bluff, Arkansas. On February 11, 2008, Tyson and their carrier TyNet Corporation were granted permission to intervene based upon Tyson's payment of workers' compensation disability benefits and medical expenses to plaintiff.

On April 11, 2008, defendants filed a Notice of Intent to Assert Non-Party Fault pursuant to Arkansas Code Annotated § 16-55-202 of the Arkansas Civil Justice Reform Act ("CJRA") contending that Tieleman Food Equipment BV ("Tieleman"), a non-party to this action who manufactured the component of the chicken processing machine which plaintiff alleges caused her injury, and Tyson who modified the machine which caused the injury and failed to properly

1

train plaintiff to clean and maintain the machine, caused plaintiff's injuries.  Defendants contend that pursuant to § 16-55-202, the jury should consider the fault of Tieleman and Tyson when presented with the case.

Plaintiff and intervenors contends that (1) the exclusivity provisions of Arkansas' Workers' Compensation Act preclude the apportionment of fault to an employer; (2) under Arkansas Comparative Fault Act the CJRA cannot be applied to non-parties in a products liability case; and (3) a plain reading of the statute violates the Arkansas Constitution's separation of powers provision and the United States Constitution's requirement of a right to a fair trial.  Plaintiff and the intervenors cite the case of *Billings v. Aeropres Corp.*, 522 F.Supp.2d 1121 (E.D. Ark. 2007) which clearly supports their position.  However, this Court respectively disagrees with the conclusions made in *Billings*.

II. *Analysis*

United States District Judge William R. Wilson, Jr., held in *Billings* that for the CJRA to survive constitutional scrutiny, § 16-55-202(a) of the Act must be "read to apply to persons or entities that *can be joined* in the action, by either a cross claim or by a third-party claim." *Id* at 1131.  If this interpretation of the statute were applied to this case, Tyson would be excluded from consideration for fault.  *Billings* also held that § 16-55-202(b)(2) as applied to non-parties "applies only to cross-claimed co-defendants that settled before trial." *Id* at 1132.  Using this interpretation, Tieleman would also be excluded from consideration for fault.

In *National Home Centers, Inc. v. Coleman*, ___ S.W.3d ___, 2008 WL 1747108 (Ark., April 17, 2008) the Arkansas Supreme Court stated that "[w]hen interpreting a statute, this court first looks to the plain language of the statute, and, when the language is clear and unambiguous,

it will follow the plain meaning of the words rather than resorting to the rules of construction.".

The statute in question states the following:

> In assessing percentages of fault, the fact finder shall consider the fault of all persons or entities who contributed to the alleged injury or death or damage to property, tangible or intangible, regardless of whether the person or entity was or could have been named as a party to the suit.

Ark. Code Ann. § 16-55-202(a).

The Court agrees with defendants' contention that Arkansas' Workers' Compensation Act exclusivity provisions do not prevent an employer from being the proximate cause of an employee's injuries. Even though an employer is immune from suit in tort, it can still bear fault for those injuries. The Arkansas Supreme Court has long held that the acts of an employer may be approximate or legal cause of a worker's injury even if they are immune from suit in tort. *See Cowart v. Case Jones Contractor*, 250 Ark. 881, 467 S.W.2d 710 (1971).

Likewise there is nothing in Arkansas' Comparative Fault Statute that precludes or prevents apportionment of fault to non-parties. Plaintiff's reliance on *E-Ton Dynamics Industrial Corporation v. Hall*, 83 Ark. App. 35, 115 S.W. 3d 816 (2003) for the proposition that fault could not be apportioned against a non-party is misplaced as this case predates the adoption of the CJRA.

Plaintiff's argument based upon the violation of Arkansas Constitution's separation of powers provision is based upon the premise that the legislature in passing the CJRA has encroached upon the Supreme Court of Arkansas' unquestioned power to establish the rules of practice and procedure.

Plaintiff cites *Billings* for the proposition that a demand to apportion the fault of an non-party is the same as a third-party claim and must be done in accordance with the Arkansas Rules of Civil Procedure which require service to the non-party under Arkansas Rule of Civil Procedure 4. *Billings v. Aeropres Corporation*, 522 F.Supp.2d at 1129. Failure to do so, plaintiff asserts "undermines the fair administration of justice, and creates an unconstitutional intrusion into the Supreme Court's rule-making authority." *Id.* The Court cannot agree. Under the CJRA, a designated non-party is not subject to any liability for its fault and there is no need for service.

Finally, Federal and Arkansas Rules of Civil Procedure allow discovery from non-parties and this provides sufficient protection for the fundamental truth-determining function of trial so as to comport with the United States Constitution's requirement of a party's right to a fair and just trial.

III. *Conclusion*

The Court holds that the plain language of § 16-55-202 allows juries to consider the fault of employers and non-parties without restrictions.

IT IS SO ORDERED THIS   9   day of   June  , 2008.

                                                               _____
                                                               James M. Moody
                                                               United States District Judge