

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 16 2008

JAMES W. McCORMACK, CLERK
By:_____
                      DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

GWENDOLYN L. BOHANNON                                              PLAINTIFF

VS.                      CASE NO. 5:07CV00123 JMM

JOHNSON FOOD EQUIPMENT, INC.
D/BA/ BAADER-JOHNSON, ET AL.                                       DEFENDANTS

TYSON POULTRY, INC., AND TYNET CORP.                               INTERVENORS

### SUBSTITUTE ORDER

Pending before the Court is the Joint Motion to Strike Defendants' Notice of Intent to Assert Non-Party Fault (#55) filed by plaintiff and intervenors. The defendants have responded (#60) and all parties have filed replies (#62, #64). For the reasons stated below, the motion (#55) is denied.

I. *Procedural History*

Plaintiff filed an amended complaint on June 5, 2007, alleging that she was injured while attempting to clean a chicken processing machine in the course of her employment with Tyson Poultry, Inc. ("Tyson") at its plant in Pine Bluff, Arkansas. On February 11, 2008, Tyson and its workers' compensation carrier TyNet Corporation were granted permission to intervene based upon the payment of workers' compensation disability benefits and medical expenses to plaintiff.

On April 11, 2008, defendants filed a Notice of Intent to Assert Non-Party Fault pursuant to Arkansas Code Annotated § 16-55-202 of the Arkansas Civil Justice Reform Act ("CJRA"). Defendants contend that Tieleman Food Equipment BV ("Tieleman"), a non-party to this action that manufactured the component of the chicken processing machine that plaintiff alleges caused

her injury, and Tyson, which modified the machine that caused the injury and failed to properly train plaintiff to clean and maintain the machine, caused plaintiff's injuries. Defendants contend that pursuant to § 16-55-202 the jury should consider the fault of Tieleman and Tyson when presented with the case.

Plaintiff and intervenors contend that (1) the exclusivity provisions of the Arkansas Workers' Compensation Act preclude the apportionment of fault to an employer; (2) under the Arkansas Comparative Fault Act, the CJRA cannot be applied to non-parties in a products liability case; and (3) reading the CJRA to allow apportionment of fault to immune non-parties violates the Arkansas Constitution's separation of powers provision and the United States Constitution's guarantee of a fair trial. Plaintiff and the intervenors cite the case of *Billings v. Aeropres Corp.*, 522 F. Supp.2d 1121 (E.D. Ark. 2007), which clearly supports their position. However, this Court respectfully disagrees with the conclusions reached in *Billings*.

II. *Analysis*

United States District Judge William R. Wilson, Jr., held in *Billings* that for the CJRA to survive constitutional scrutiny, § 16-55-202 of the Act must be "read to apply to persons or entities that *can be joined* in the action, by either a cross claim or by a third-party claim." *Id.* at 1131 (emphasis original). If this interpretation of the CJRA were applied to this case, Tyson would be excluded from apportionment of fault. *Billings* also held that § 16-55-202, as applied to non-parties, "applies only to cross-claimed co-defendants that settled before trial." *Id.* at 1132. Under this interpretation, Tieleman would also be excluded from apportionment of fault.

In *National Home Centers, Inc. v. Coleman*, ___ S.W.3d ___, 2008 WL 1747108 (Ark. April 17, 2008), the Arkansas Supreme Court stated that "[w]hen interpreting a statute, this court

2

first looks to the plain language of the statute, and, when the language is clear and unambiguous, it will follow the plain meaning of the words rather than resorting to the rules of construction."

The CJRA states as follows:

> In assessing percentages of fault, the fact finder shall consider the fault of all persons or entities who contributed to the alleged injury or death or damage to property, tangible or intangible, regardless of whether the person or entity was or could have been named as a party to the suit.

ARK. CODE ANN. § 16-55-202(a).

The Court agrees with defendants' contention that the Arkansas Workers' Compensation Act's exclusivity provisions do not prevent a finding that an employer's conduct was a proximate cause of an employee's injuries. Even though an employer is immune from suit in tort, its fault may still be apportioned for those injuries. The Arkansas Supreme Court has held that the acts of an employer may be the sole proximate cause of a worker's injury, even if the employer is immune from suit in tort. *See Cowart v. Casey Jones, Contractor, Inc.*, 250 Ark. 881, 467 S.W.2d 710 (1971).

Likewise, there is nothing in Arkansas' Comparative Fault Statute that precludes or prevents apportionment of fault to non-parties. Plaintiff's reliance on *E-Ton Dynamics Industrial Corp. v. Hall*, 83 Ark. App. 35, 115 S.W. 3d 816 (2003) for the proposition that fault cannot be apportioned to a non-party is misplaced as the cause of action in *E-Ton* predates the adoption of the CJRA.

Plaintiffs and intervenors argue that it would violate the Arkansas Constitution if the General Assembly were allowed to encroach upon the Supreme Court of Arkansas' unquestioned power to establish the rules of practice and procedure by purporting to authorize apportionment

of fault to a non-party without service of process. Plaintiff and intervenors cite *Billings* for the proposition that a demand to apportion fault to a non-party is analogous to a third-party claim and, therefore, the non-party must be served with process, as set out in Rule 4 of the Arkansas Rules of Civil Procedure. *Billings v. Aeropres Corp.*, 522 F. Supp.2d at 1129. Failure to do so, the argument goes, "undermines the fair administration of justice, and creates an unconstitutional intrusion into the Supreme Court's rule-making authority." *Id.* The Court does not agree. Under the CJRA, a designated non-party is not subject to any liability for its fault, making the filing and service of a third party complaint unnecessary.

Federal and Arkansas Rules of Civil Procedure allow discovery from non-parties, and this provides sufficient protection for plaintiffs to assure the fundamental truth-determining function necessary for a fair trial so as to comport with the United States Constitution.

III. *Conclusion*

The Court holds that the plain language of § 16-55-202 allows juries to consider the fault of employers and non-parties.

IT IS SO ORDERED THIS __16__ day of __June__, 2008.

James M. Moody
United States District Judge