**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**GWENDOLYN L. BOHANNON**                                                           **PLAINTIFF**

**VS.**                          **CASE NO. 5:07CV00123 JMM**

**JOHNSON FOOD EQUIPMENT, INC.,
D/B/A BAADER-JOHNSON, ET AL.**                               **DEFENDANTS**

**TYSON POULTRY, INC., AND TYNET CORP.**                 **INTERVENORS**

**ORDER**

Pending before the Court are defendants' motion in limine to exclude the testimony of plaintiff's expert witness, Dr. Virgil Flanigan, and for summary judgment. Plaintiff has responded and all parties have waived oral arguments. For the reasons stated below defendants' motion in limine and motion for summary judgment are denied (#90).

Plaintiff Gwendolyn Bohannon, a sanitation worker for Tyson Poultry, was injured on July 29, 2004, when her hand was pulled into a Neckbreaker Klean-Vac machine designed and sold by the defendants. Plaintiff was cleaning the machine at the time of the accident and caught her smock in a rotating component of the machine resulting in the partial amputation of her hand.

Plaintiff alleges the Neckbreaker was defectively designed and manufactured at the time it was sold to Tyson because it lacked a guard around the frame inclosing the rotating component, and lacked warnings that the machine should be locked out and tagged prior to cleaning. Plaintiff also alleges that the machine should have allowed for some method to de-energize the machine in the event the operator made inadvertent contact with a moving part.

Plaintiff is relying on the opinion of Dr. Flanigan, a mechanical engineer and professor regarding safety design defects and failure to warn.  Defendants are challenging the qualifications of Flanigan as a witness on these subjects and contend that his opinions are based upon irrelevant standards and events that occurred after the sale.

The Court reviewed the prospective testimony under the separate prongs of reliability and relevance applying the standard set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).   Reliability means that the underlying methodology from which the expert derives the opinion evidence must have its basis in "scientific knowledge."  *Id* at 589-93.  Relevance means the testimony must assist the trier of fact to understand or determine a fact in issue.  *Id.*

Dr. Flanigan has a Phd in mechanical engineering and has taught courses in the design of machines at the college level for more than 40 years.  He has also consulted in private industry and has reviewed and approved hundreds of machine designs that incorporate guards and warnings for rotating components including interlocking systems and safety stops.  He has been involved in the design of production lines that incorporate machines with rotating and moving parts.

Even accepting the defendants' argument that the Neckbreaker is a fairly unique machine the principals of guarding, warnings, and lock outs that are at issue here apply to all machines with rotating parts that might be accessed inadvertently by the operator.  For that reason the analysis of safety equipment is more general than specific to the characteristics of the Neckbreaker.

Federal Rule of Evidence 702 requires only that the witness's special knowledge assist the trier of fact to understand the evidence as to determine a fact in issue.  In this case first hand knowledge or experience with the Neckbreaker is not a prerequisite to a reliable analysis of the

safety of the machine. The lack of Flanigan's experience is a relevant factor but goes to the weight of his testimony and not its admissibility.

Plaintiff contends the Neckbreaker was sold without guards, warnings or safety stops. This is not a case where an existing safety device is criticized as unsafe and defective. The issues for the jury here are more generic to any safe design and Flanigan, as an expert in general engineering principals and industry standards, is qualified to testify on these subjects.

Defendants contend that Flanigan has no reliable basis for an alternative guard as a basis for excluding him as an expert witness. The plaintiff is only required to prove that the product at issue was unreasonably dangerous, not that there exists safer alternative designs. The Eighth Circuit, in *French v. Grove Manufacturing Co.*, reversed an Arkansas District Court that erroneously instructed the jury that a plaintiff had the burden of proving that an alternative safer design is available and feasible in a strict products liability action. *French v. Grove Mfg. Co.*, 656 F.2d 295 (8th Cir. 1981). The Court held that "under Arkansas law the existence, practicality, and technological feasibility of an alterative safe design are not necessary elements of the plaintiff's cause of action, but rather are merely factors that may be considered by the jury in determining whether a product was supplied in a defective condition that rendered it unreasonably dangerous." *Id*. at 298-99; *see also Robinson v. Crown Equipment Corp*., 2006 WL 897669 (E.D. Ark. 2006).

Flanigan's opinion that the Neckbreaker was defective and unreasonably dangerous is not limited to the absence of a guard. Flanigan was also of the opinion that warnings and the presence of a lock out device would have prevented the accident and that the absence of these devices rendered the machine defective and unreasonably dangerous.

Defendants challenge the relevance prong of the *Daubert* test asserting that Flanigan has relied on post sale standards and other accidents to form his opinions.  Plaintiff responds by pointing out that the pertinent ANSI standards on which Flanigan relies have been in existence for many years before the Neckbreaker was designed and sold to Tyson Poultry and the version of the standard that Flanigan brought to the deposition has not changed in any material way.

Defendants admit that the design of the Neckbreaker would be subject to ANSI standards and OSHA regulations.  Defendants would be correct in its assertion that standards and regulations promulgated after the date of sale would be irrelevant.  Flanigan represents that he relied on standards in existence at the time of the sale and that would be a proper basis for his opinions.  Reliance on other similar accidents was not the sole basis for Flanigan's opinions and the Court makes no ruling as to whether these accidents would be admissible at trial.

Plaintiff argues that she can make a submissible jury issue on defective product even if Flanigan's opinions are excluded.  The Court does not agree.  This is a classic case where the jury would be required to speculate without testimony from an expert witness.

The Court is skeptical about the claim for punitive damages but will reserve judgment on this issue until time of trial.

IT IS SO ORDERED THIS   7   day of  January  , 2009.


_____
James M. Moody
United States District Judge