**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**GWENDOLYN L. BOHANNON**                                                                 **PLAINTIFFS**

**VS.                         CASE NO. 5:07CV00123 JMM**
         +

**JOHNSON FOOD EQUIPMENT, INC.,
D/B/A BAADER-JOHNSON, ET AL.**                                                **DEFENDANTS**

**TYSON POULTRY, INC., AND TYNET CORP.**                              **INTERVENORS**

**ORDER**

Pending before the Court are plaintiff's and defendants' Motions in Limine. After reviewing the motions and responses, the motions are granted and denied as follows:

DEFENDANTS' MOTIONS IN LIMINE

Defendants' Motions in Limine No. 1 (*Post-Sale Design Modifications*), No. 2 (*Post-Accident Investigation*), No. 3 (*Other Similar Incidents*), and No. 5 (*OSHA Regulations*) are denied (#115, #117, #119, and #123).  Defendants' Motions in Limine No. 4 (*Unpaid Medical Bills*) and No. 6 (*Punitive Damages Claim*) are granted (#121 and #125).

Defendants' Motion in Limine No. 7 (*General Issues)* is granted (#127) with the following exceptions: (1) plaintiff shall submit any questions related to the insurance industry prior to trial for inclusion, if appropriate, in the Court's *voir dire*; and (2) the motion as stated in paragraph No. 14  is denied.

PLAINTIFF'S MOTIONS IN LIMINE

Plaintiff's Motion in Limine No. 1 (*Argument of Fault by Tyson Poultry, Inc*.) is denied (#129).

Plaintiff's Motions in Limine No. 2 *(Marijuana Use and Refusal to Allow Urine Drug Screen)* and No. 3 (*Theft Charge*) are granted (#131 and #133) as the probative value of the evidence is outweighed by the unfair prejudice to plaintiff.

The Court's Order of January 23, 2009, is amended (#160) to state that plaintiff's Motion in Limine No. 4 (*Receipt of Workers' Compensation Benefits*) is granted (#135) with the exception that evidence of plaintiff's receipt of workers' compensation benefits or any collateral source benefits and the amount of such benefits will be allowed (1) to rebut the plaintiff's testimony that she was compelled by financial necessity to return to work prematurely or to forego additional medical care; (2) to show that the plaintiff had attributed her condition to some other cause, such as sickness; (3) to impeach the plaintiff's testimony that she paid her medical expenses herself; and (4) to show that the plaintiff had actually continued to work despite claims that she was unemployed.

Plaintiff's Motion in Limine No. 5 (*Receipt of Collateral Source Benefits*) is granted (#137) with the same exception as stated in the Court's grant of plaintiff's Motion in Limine No. 4.

Plaintiff's Motion in Limine No. 6 *(Defendant's Use of OSHA Regulations as a Shield From Liability)* is denied (#139).

IT IS SO ORDERED THIS  30  day of  January , 2009.

_____
James M. Moody
United States District Judge