**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

| | |
|---|---|
| **GWENDOLYN L. BOHANNON** | **PLAINTIFFS** |
| VS.   CASE NO. 5:07CV00123 JMM | |
| **JOHNSON FOOD EQUIPMENT, INC.,** **D/B/A BAADER-JOHNSON, ET AL.** | **DEFENDANT** |
| **TYSON POULTRY, INC., AND TYNET CORP.** | **INTERVENORS** |

**ORDER**

Pending before the Court are plaintiff's amended Motion for Judgment (#188) and Motion for Bill of Costs (#179). For the reasons stated below, the Motion for Judgment is denied and Motion for Bill of Costs is dismissed as moot.

This case was tried to a jury with the plaintiff being awarded $4,500,000.00 in damages on April 24, 2009. Over plaintiff's objection, the verdict form allowed the jury to allocate fault to a nonparty pursuant to Arkansas Code Annotated § 16-55-202.

On April 30, 2009, the Arkansas Supreme Court held that Arkansas Code Annotated § 16-55-202 was unconstitutional. *See Johnson v. Rockwell Automation, Inc.*, ___ S.W.3d ___, 2009 WL 1218362 (Ark. 2009).

After reviewing all of the suggestions of the parties, the Court finds the only resolution consistent with the ruling in *Johnson* is to set aside the jury's verdict and reschedule the case for trial. *See Newton v. Clinical Reference Laboratory, Inc.,* 517 F.3d 554 (8th Cir. 2008) (Arkansas

statute struck as unconstitutional "is treated as if it had never been passed.") citing *Land O'Frost, Inc. v. Pledger*, 308 Ark. 208, 823 S.W. 2d 887, 889 (1992) (principle that an unconstitutional statute must be treated as if it had never been passed applies when issue was presented to trial court).

    The verdict is set aside and a new trial date will be scheduled by a subsequent order.

    IT IS SO ORDERED THIS  15  day of  June , 2009.

_____
James M. Moody
United States District Judge