IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

GWENDOLYN L. BOHANNON                                                         PLAINTIFF

v.                        Case No. 5:07-CV-00123 JMM

JOHNSON FOOD EQUIPMENT, INC.
D/b/a BAADER-JOHNSON,                                                         DEFENDANT

TYSON POULTRY, INC., and
TYNET CORP.                                                                   INTERVENORS

## PLAINTIFF'S STATUS REPORT

Plaintiff Bohannon, by and through her attorneys, states as follows for her Status Report:

1.      Plaintiff agrees that the trial of this case should take approximately five to six (5-6) days;

2.      Plaintiff has engaged in settlement discussions with Defendant's new attorneys in good faith, notwithstanding the bald accusation to the contrary, contained in Defendant's Status Report (Doc. 228).  Plaintiff simply does not agree with Defendant's valuation of the case, which the new attorneys reached admittedly before completing their review of the file.  It should also be noted that the attorney submitting Defendant's status report was not even involved in those discussions.  Although Plaintiff remains willing to consider a more informed settlement evaluation by Defendants, a settlement conference at this time would appear to be futile, given that Defendants have never conveyed any change in their case valuation.

3.      Instead of objectively re-evaluating the case, Defendants have elected to defy this Court's Order (Doc. 220) by submitting a "Supplemental Initial Disclosure of

Defendant, Johnson Food Equipment, Inc." which purports to identify at least five (5) new expert witnesses and thereby effect a wholesale change in trial strategy. Previously, Defendants had moved (Doc. 209) "to reopen discovery, to establish new discovery deadlines, and to identify new expert and fact witnesses based upon new counsel's anticipated trial strategy", which was denied by the Court on September 11, 2009 based on the Defendant's failure to demonstrate that it would suffer manifest injustice if it were denied new discovery, or that if there were some injustice, how that injustice would outweigh the prejudice to the Plaintiff (Doc. 220). Trial is set for the week of March 1, 2010. Plaintiff has filed a separate motion to strike the Defendant's Supplemental Initial Disclosures and intends to proceed to trial.

/s/ Richard J. Zalasky
RICHARD J. ZALASKY
Fed#4768; ABN 29537
SCHLICHTER, BOGARD & DENTON
100 South Fourth Street, Suite 900
St. Louis, Missouri  63102
(314) 621-6115
(314) 621-7151 (fax)
rzalasky@uselaws.com

And

Edward T. Oglesby
ABN 89158
Oglesby Law Firm, P.A.
Suite 110 Morgan Keegan Building
100 Morgan Keegan Drive
Little Rock, AR 72202
(501) 664-1000
(501) 644-1012 (fax)
edward@oglesbylaw.com

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

On December 30, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

Jim L. Julian
Jason W. Earley
CHISENHALL, NESTRUD & JULIAN
400 West Capitol Avenue, Suite 2840
Little Rock, AR  72201

Nelson W. Wagar, III
CHOPIN WAGER RICHARD & KUTCHER, LLP
3850 N. Causeway Blvd., Suite 900
Metarie, LA  70002

/s/ Richard J. Zalasky