IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

GWENDOLYN L. BOHANNON,                                    PLAINTIFF,

v.                     Case No. 5-07-CV-00123 JMM

JOHNSON FOOD EQUIPMENT, INC.                              DEFENDANT.

**PLAINTIFF'S PRETRIAL DISCLOSURE SHEET**
**SUBMITTED PURSUANT TO FED.R.CIV.P. 26 (a) (3)**

(1)   The identity of the party submitting information:

    A.   Gwendolyn L. Bohannon, plaintiff

(2)   The names, address, and telephone numbers of all counsel for the party:

    A.   Richard J. Zalasky
        Schlichter, Bogard & Denton
        100 South 4th Street, Suite 900
        St. Louis, MO 63102
        (314) 621-6115

    B.   Edward T. Oglesby
        Oglesby Law Firm, P.A.
        100 Morgan Keegan Ste. 110
        Little Rock, AR 72202
        (501) 664-1000

(3)   A brief summary of claims and relief sought:

    Plaintiff is asserting strict product liability and negligence claims against the defendant related to severe right hand injuries suffered on July 28, 2004 while employed by Tyson Foods in Pine Bluff, Arkansas as a sanitation worker. She is seeking compensatory damages for past and future wage, fringe benefit, and household services losses, the costs of future counseling and prosthetics repair and replacement, and non-economic damages for pain and suffering, emotional distress, disability and disfigurement. Plaintiff also seeks punitive damages and recovery of her costs.

(4)   Prospects for settlement:

    Plaintiff has engaged in settlement discussions with defendant's new attorneys in good faith, notwithstanding the bald accusation to the contrary, contained in defendant's Status Report

(Doc. 228). Plaintiff simply does not agree with the defendant's valuation of the case, which the new attorneys reached admittedly before completing their review of the file. The plaintiff remains willing to consider a more informed settlement evaluation by the defendant.

(5) The basis for jurisdiction and objections to jurisdiction:

This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is diversity of citizenship between the plaintiff and the defendant and the amount in controversy exceeds $75.000. The defendant has not objected to jurisdiction.

(6) A list of pending motions:

No pending motions at this time.

(7) A concise summary of the facts:

Plaintiff Gwendolyn Bohannon, a sanitation worker for Tyson Foods, was severely injured on July 28, 2004 when her right hand was pulled into a Neckbreaker Klean-Vac machine ("Neckbreaker") manufactured and sold by defendant Johnson Food Equipment to Tyson in 1995. The plaintiff was cleaning the machine as she had been instructed by her employer. During the initial spray down phase of the cleaning process she noticed a piece of chicken skin on a non-moving part of the machine that would not dislodge with regular spray. She reached to pick off the skin and her smock got caught in the unguarded rotating barrel of the machine. The incident degloved most of her right hand. After multiple painful surgeries, she has been left with one digit and permanent and unsightly scars. She has also suffered severe psychological damage as a result of this incident.

In addition to non-economic damages sought for pain, suffering, disability and disfigurement, the plaintiff is claiming actual damages for past and future earnings, fringe benefit, and household services losses, and future counseling and prosthetics costs.

The Neckbreaker was not equipped with any guards for the rotating barrel, reasonable and adequate warnings and instructions with respect to the conditions and methods of its safe use, electrical interlocks, or any devices to shut the machine down in the event of an emergency at the time it was supplied to Tyson and at the time of this incident which form the basis for the plaintiff's strict liability and negligence claims.

(8) All proposed stipulations:

A. Defendant Johnson Food Equipment manufactured or assembled and placed the Neckbreaker involved in this incident in the stream of commerce in 1995.

B. Authenticity/Admissibility of medical records pertaining to care and treatment received by plaintiff after this incident without the need for foundation testimony at trial. Specific portions of these records would still be subject to objection on other grounds.

      C.    Authenticity of documents and photos produced by the parties during discovery.

(9)    The issues of fact expected to be contested:

      A.    Whether the Neckbreaker was in a defective condition which rendered it unreasonably dangerous when supplied?

      B.    If so, whether the defective condition was a proximate cause of plaintiff's damages?

      C.    Whether Johnson Food Equipment gave a reasonable and adequate warning of dangers reasonably foreseeable in its use?

      D.    Whether Johnson Food Equipment gave reasonable and adequate instructions with respect to the conditions and methods of its safe use?

      E.    Whether Johnson Food Equipment used ordinary care in its design and in its assembly in order to protect the plaintiff from an unreasonable risk of harm?

      F.    Whether the plaintiff was using the machine for a purpose which should have reasonably been expected by Johnson Food Equipment?

      G.    The nature and extent of the plaintiff's injuries, disability and damages.

      H.    Whether defendant Johnson Food Equipment acted in reckless disregard for the safety of the plaintiff in the design and marketing of the Neckbreaker supplied to Tyson?

(10)    The issues of law expected to be contested:

      Based on this Court's Order filed July 6, 2009 (Doc. 199), rulings on all issues of law raised in the first trial remain in effect.

(11)    A list and brief description of exhibits, documents, charts, graph models, schematic diagrams, summaries, and similar objects which may be used in opening statements, closing argument, or any other part of the trail, whether or not they will be offered in evidence. Separately designate those documents and exhibits which the party expects to offer and those which the party may offer.

      A.    Exhibits plaintiff expects to offer

          1.    Life Table
          2.    Plaintiff wage/earnings records
          3.    Summary of economic damages claimed
          4.    Photos of right hand injuries

       5.     CD showing operation of Neckbreaker
       6.     Photos of Neckbreaker taken after incident
       7.     New generation Neckbreaker marketing sheets
       8.     PMJ marketing sheet for similar machine
       9.     Safety door assembly diagram
      10.    Neckbreaker Installation, Operation and Maintenance manuals
      11.    Baader Johnson service reports produced in discovery
      12.    Baader Johnson trip reports produced in discovery
      13.    Baader installation reports/diagram re: Pine Bluff installation
      14.    Vann Willis 8/20/05 correspondence re: machine safety upgrade
      15.    Van Willis 9/20/05 correspondence to John Manning
      16.    Any and all medical records related to plaintiff's injuries
      17.    CV of Dr. Bindra
      19.    Medical illustrations depicting injuries and medical treatment
      20.    Ronnie Watkins report of injury and statements
      21.    ASME/ANSI safety standards for machine and conveyor systems
      22.    CV of Dr. Flanigan
      23.    Exemplar guard
      24.    CV of Robert Marsh
      25.    CV of Bessie Lancelin
      26.    CV of Dr. Ronald Wauters
      27.    Report of Jackie Fancher
      28.    Ronnie Watkins expert report
      29.    Lancelin statement of future counseling costs
      30.    Photos of new generation Neckbreaker at Tyson
      31.    Drawings of Neckbreaker machinery and parts lists

   B.    Exhibits plaintiff may offer

       1.     Documents/exhibits identified in Tyson 30(b) (6) depositions
       2.     All exhibits identified during depositions taken in case to date
       3.     All documents produced by all parties in discovery
       4.     Any interrogatory answers of defendants
       5.     OSHA standards
       6.     Documents/exhibits identified in defendants' 30(b) (6) depositions
       7.     Documents/exhibits from Frank Gomer's file produced in discovery
       8.     Tyson line layout drawings
       9.     Supervisor's Accident/Incident Investigation report 8/13/04
      10.    Photos of Neckbreaker from inspection
      11.    Any exhibits identified by defendants in their disclosure or prior to trial

   See also plaintiff's exhibit list from the first trial (Doc. 174-2).

(12)    The names, addresses and telephone number of witnesses for the party. Separately identify witnesses whom the party expects to present to those whom

the party may call. Designate witnesses whose testimony is expected to be present via deposition and, if not taken stenographically, a transcript of the pertinent portion of the deposition testimony.

A. Witnesses plaintiff will call:

1. Gwendolyn Bohannon
 508 E. 14th Street
 Pine Bluff, Ark 71601

2. Dr. Randipsingh Bindra (by deposition)
 Loyola University Medical Center
 2160 First Avenue
 Maywood, IL 60153
 708-216-5825

3. Dr. Ronald Wauters
 Southeast Arkansas Behavioral Healthcare System
 P.O. Box 1019
 Pine Bluff, AR 71613
 870-534-1834

4. Jackie Fancher (by deposition)
 Life-Like Laboratory Prosthetics
 2718 Hollandale Lane, #400
 Farmers Branch, TX 75234
 972-620-0203

5. Bessie Lancelin
 Southeast Arkansas Behavioral Healthcare System
 2500 Rike Drive
 Pine Bluff, AR 71613
 870-534-1834

6. Robert Marsh
 Marsh Economic Consultation
 6 Levant Drive
 Little Rock, AR 72212
 501-821-6677

7. Dr. Virgil Flanigan
 Missouri University of Science & Technology Center for Environmental Science & Technology
 224 ERL Building, 1870 Miner Circle
 1300 bishop Avenue
 Rolla, MO 65409

5

        573-341-6606

B.    Witnesses plaintiff may call:

1.    Claresta Jones
5505 Jefferson Parkway
Pine Bluff, AR 71602
870-247-9127

2.    Sharon Dismuke
5505 Jefferson Parkway
Pine Bluff, AR 71602
870-247-9127

3.    Vera Taylor
5505 Jefferson Parkway
Pine Bluff, AR 71602
870-247-9127

4.    Devin Duncan
5505 Jefferson Parkway
Pine Bluff, AR 71602
870-247-9127

5.    Jan Fitzpatrick
5505 Jefferson Parkway
Pine Bluff, AR 71602
870-247-9127

6.    David Rook
5505 Jefferson Parkway
Pine Bluff, AR 71602
870-247-9127

7.    Todd Callahan
5505 Jefferson Parkway
Pine Bluff, AR 71602
870-247-9127

8.    Hal Patterson
5505 Jefferson Parkway
Pine Bluff, AR 71602
870-247-9127

9.    Lenitta Williams
5505 Jefferson Parkway

        Pine Bluff, AR 71602
        870-247-9127

10. Alseera Hayes
    Pine Bluff, AR
    501-541-8847

11. Ronnie Watkins
    2270 Glasgow Road
    Burkesville, KY 42717
    270-864-4353

12. Naomi Reed
    (Address currently unknown)

13. J. Keeler
    5505 Jefferson Parkway
    Pine Bluff, AR 71602
    870-247-9127

14. Fred Nichols
    5505 Jefferson Parkway
    Pine Bluff, AR 71602
    870-247-9127

15. David Embrey
    Tyson Foods, Inc.
    Springdale Complex
    Springdale, AR 72764
    479-750-5316

16. Bobby McMurty
    5505 Jefferson Parkway
    Pine Bluff, AR 71602
    870-247-9127

17. Bennett Vann Willis
    5544 Northwest 80th Terrace
    Kansas City, Missouri 64151

18. Mitchell Scott Stockton
    1336 New Hampshire
    Lawrence, Kansas

19. John Manning
    5505 Jefferson Parkway

        Pine Bluff, AR 71602
        870-247-9127

    20.    Any witness identified by the defendants in their disclosure or prior to trial.

  C.    Plaintiff's deposition designations – See separately filed pleading.

(13)    The current status of discovery, a precise statement of the remaining discovery and an estimate of the time required to complete discovery.

    A.    Discovery has been completed.

(14)    An estimate of the length of trial and suggestions for expediting disposition of the action.

    A.    Plaintiff anticipates that the trial will require one week.


        /s/ Richard J. Zalasky
        RICHARD J. ZALASKY
        Fed#4768; ABN 29537
        SCHLICHTER, BOGARD & DENTON
        100 South Fourth Street, Suite 900
        St. Louis, Missouri  63102
        (314) 621-6115
        (314) 621-7151 (fax)
        rzalasky@uselaws.com

And

        /s/ Edward T. Oglesby
        Edward T. Oglesby
        ABN 89158
        Oglesby Law Firm, P.A.
        Suite 110 Morgan Keegan Building
        100 Morgan Keegan Drive
        Little Rock, AR 72202
        (501) 664-1000
        (501) 644-1012 (fax)
        edward@oglesbylaw.com

        ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

On January 29, 2010 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

Jim L. Julian
Jason W. Earley
CHISENHALL, NESTRUD & JULIAN
400 West Capitol Avenue, Suite 2840
Little Rock, AR  72201

Nelson W. Wagar, III
CHOPIN WAGER RICHARD & KUTCHER, LLP
3850 N. Causeway Blvd., Suite 900
Metairie, LA  70002

Kenneth E. Buckner
P.O. Box 1654
Pine Bluff, AR 71613
(870) 536-4412
admin@kebpb18.com

/s/ Richard J. Zalasky