# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**GWENDOLYN L. BOHANNON**                                                    **PLAINTIFF**

**VS.**                     **CASE NO. 5:07CV00123 JMM**

**JOHNSON FOOD EQUIPMENT, INC.,**
**D/B/A BAADER-JOHNSON, ET AL.**                                  **DEFENDANT**

**TYSON POULTRY, INC., AND TYNET CORP.**                   **INTERVENORS**

## ORDER

Pending before the Court is plaintiff's Motion to Clarify the Scope of Issues for Retrial. Plaintiff asks for an order limiting the retrial of her case to liability issues only. The determination of liability by the jury would then be applied to the damage award in favor of the plaintiff at the first trial. For the reasons stated below, the motion is denied (#243).

After the completion of the first trial, the Arkansas Supreme Court declared Arkansas's nonparty fault statute unconstitutional in *Johnson v. Rockwell Automation, Inc.*, 2009 Ark. 241, __ S.W.3d __ (2009). This ruling invalidated the jury's verdict apportioning fault against plaintiff's employer Tyson. A new trial was then ordered and although the order did not so specify it was intended to compel a re-trial on all issues including damages.

Federal Rule of Civil Procedure 59(a) authorizes a court to grant a new trial on "all or some of the issues and to any party." Fed. R. Civ. P. 59(a). This rule represents a codification of the United States Supreme Court's decision in *Gasoline Products Co v. Champlin Refining Co.*, 283 U.S. 494, 51 S.Ct. 513 (1931). In *Gasoline Products*, the Supreme Court recognized that

partial new trials were constitutional but set forth strict limitations on its practice. The Court stated the analysis as "Where the practice permits a partial new trial, it may not properly be resorted to unless it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice. " *Id* at 500, 515.

The Circuits that have ruled on partial re-trials have recommended a conservative approach based on the totality of the circumstances and a showing that no injustice would result. *See Romer v. Baldwin*, 317 F.2d 919, 922-923 (3rd Cir. 1963); *Williams v. Slade*, 431 F.2d 605, 608 (5th Cir. 1970).

In this case, the original jury verdict was based on interrogatories apportioning fault among three parties and a separate finding on damages. In cases where there are several defendants and a plaintiff whose liability is apportioned the treatises caution that there is an increased likelihood that the issues of liability and damages would be interwoven thus mandating a re-trial on both issues.

I have concluded from a consideration of all the circumstances that the issue of damages and liability are too interwoven not to require a re-trial on both.

IT IS SO ORDERED THIS  25  day of  February , 2010.

James M. Moody
United States District Judge