IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

GWENDOLYN L. BOHANNON                                                                      PLAINTIFF

VS.                                      CASE NO. 5:07CV00123 JMM

JOHNSON FOOD EQUIPMENT, INC.,
D/B/A BAADER-JOHNSON, ET AL.                                                               DEFENDANT

TYSON POULTRY, INC., AND TYNET CORP.                                                       INTERVENORS

ORDER

Pending before the Court is defendant's Motion for Clarification of Court's Rulings on OSHA Regulations. For the reasons stated below, the motion is granted (#247).

Defendant has requested clarification on the Court's rulings at the first trial on this matter with respect to the application of OSHA regulations as an industry standard for defendant's Neck- Breaker machine. Specifically, defendant asks for an order barring plaintiff from offering evidence or arguments that (1) OSHA regulations apply to defendant in this case, (2) defendant violated OSHA; or (3) defendant's product is not OSHA compliant. Plaintiff has responded contending that the OSHA regulations should be admissible to prove the negligence of the defendant.

For the following reasons defendant's motion will be granted and plaintiff will be precluded from offering evidence or argument that defendant was either negligent for having violated OSHA or that the product's failure to comply with OSHA rendered it defective and

1

unreasonably dangerous.

In the first trial OSHA regulations were relevant as a standard for the conduct of plaintiff's employer, Tyson, whose fault was to be apportioned by the jury. It was also offered by the plaintiff as a basis for showing defendant's negligence on the theory that defendant had represented its product to be OSHA compliant when it was not. Both plaintiff and defendant moved to exclude evidence of OSHA regulations but those motions were denied before the first trial. After the proof was completely adduced, the Court found that plaintiff had failed to establish that defendant had a duty to comply with OSHA regulations and this issue was not submitted to the jury.

To prove negligence, plaintiff has the burden of proving that defendant had a duty and that it breached its duty causing plaintiff damage. Plaintiff's only evidence of a duty was a statement by defendant's representative that its product was OSHA compliant. There was no evidence that their statement contractually bound defendant to produce an OSHA compliant product or that Tyson relied to its detriment on that statement. The circumstances of this case are easily distinguishable from *Dunn v. Brimer*, 259 Ark. 855, 537 S.W.2d 164 (1976) where one of the parties contractually bound himself to conform to the OSHA regulations. Lacking any duty to provide an OSHA compliant product, evidence of violation of the OSHA regulations is not relevant or admissible.

On plaintiff's other theory that the product was defective and unreasonably dangerous, the OSHA regulations do not reflect the industry standard. These regulations apply to the employer, not the manufacturer. *See Porchia v. Design Equip. Co.*, 113 F.3d 877, 881 (8th Cir. 1997).

The Court notes that this ruling does not preclude plaintiff's expert witness from testifying about relevant ANSI or other industry standards and whether defendant's product meets these standards.

IT IS SO ORDERED THIS   25   day of   February  , 2010.


_____
James M. Moody
United States District Judge